Dear Mr. Johnson:
Your opinion request has been forwarded to me for research and reply. You requested an opinion from the Attorney General's office concerning the monetary amounts that may be paid to water district commissioners. Specifically you asked:
(1) Can a member of a water district board be paid for any actual expenses incurred, such as mileage, while attending business meeting of the district?
(2) Whether the Prairie Road Water District Commissioners must return the per diem increase of $35.00?
In your first question, you ask if La.R.S. 38:1607 and 38:308(A) are applicable in determining whether a water district commissioner may receive a mileage reimbursement. The aforementioned statutes provide travel expenses for drainage and levee districts, and in our opinion are not applicable to a waterworks district. The statutory provisions relating to waterworks districts and compensation of commissioners are located in Chapter 8 of Title 33, La.R.S. 33:3811, et seq.
La.R.S. 33:3819 outlines the per diem compensation amount for water district commissioners, but does not address reimbursement for mileage. Nevertheless, our office has consistently opined that water district commissioners may receive mileage reimbursement for attendance at meetings and for travel outside of the parish on parish business pursuant to La.R.S. 33:1233.[1]
In Attorney General Opinion 1991-0589, we determined that La.R.S. 33:1233, which provides for the compensation of police jurors, is also applicable to water district *Page 2 
commissioners by stating the general rules for mileage reimbursement. La.R.S. 33:1233(2)(a) states the following.
 Members of the police juries are authorized to receive compensation not to exceed fifty dollars per day and the same mileage allowance as provided to state elected officials going to and from the courthouses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside of the parish on parish business. Mileage shall be charged for each day of attendance at each session of the police jury to be paid out of funds of the several parishes on the warrant of the president, provided however, that if a juror has use of a parish owned vehicle for the conduct of official business, the mileage compensation shall not be paid.
Consequently, water district commissioners may receive mileage reimbursement for attendance at meetings within the parish and for travel outside of the parish on parish business. However, "this principle does not license payment for anything and everything"; commissioners may not receive mileage for other work done for the water district which is performed in the parish.[2] More specifically, commissioners may not receive mileage reimbursement for non-meeting in-parish travel.[3] It is the opinion of this office that waterworks commissioners may receive mileage reimbursement only for attendance at meetings within the parish and for travel outside of the parish on parish business.
Along with your second issue, you have provided the following facts: Pursuant to La.R.S. 33:3819, the $25.00 per diem paid to the water district commissioners was increased to $60.00 in June of 2008. Since the increase, the Legislative Auditor's Office has advised that the commissioners may have to pay back the per diem increase ($35.00) to the waterworks district for the months of June 2008 through February 2009. You have specifically asked whether the Prairie Road Water District Commissioners must return the per diem increase of $35.00.
La.R.S. 33:3819 sets forth the per diem amount that is allowed to be paid to waterworks commissioners. Specifically, La.R.S. 33:3819 (A) states in pertinent part:
 The commissioners of each waterworks district may meet as often as necessary, but shall meet at least once every three months. The board of waterworks commissioners by resolution shall designate a regular meeting place for the holding of its meetings, which shall be held at a place located within the waterworks district or at the parish seat of the parish in which the district is located, even though the parish seat is not within the boundaries of the waterworks district. The absence of a commissioner from any four consecutive meetings shall be deemed to create a vacancy *Page 3 
and it shall be filled by the police jury, if the commissioner had been appointed by the police jury, or by appointment of the governing authority of a municipality included in the district, if the commissioner had been appointed by the said governing authority. The parish governing authority in the parish in which each waterworks district is located may fix the per diem to be paid to each of the members of the board of commissioners of the respective waterworks districts in an amount not to exceed sixty dollars for each meeting they attend, up to and including twenty-four meetings in each year and for each special meeting not to exceed twelve special meetings in each year. Per diem provided by this Section shall be paid out of the district funds in the hands of the treasurer; however, no elected official serving as a member of the board of commissioners shall receive any per diem for attending meetings of the board. [emphasis added]
It is clear that the above statutory law gives the parish governing authority the power to determine the per diem amount paid to commissioners; allowing up to a maximum amount of $60.00. In this case, the Legislative Auditor's Office, through their Advisory Service Division, conducted an "advisory" review of the water district's financial records.[4] During the review, the auditor noticed the per diem increase and correctly advised the water district board that any per diem increase should be made in accordance with La.R.S. 33:3819. It is our understanding that the police jury voted and approved the per diem increase for the waterworks district commissioners to $60.00 as required in La.R.S. 33:3819. Based on the facts presented to us for review, the per diem amount of $60.00 received by the Prairie Road Water District Commissioners appears to be authorized. Therefore, it is the further opinion of this office that as long as the per diem increase was enacted pursuant to La.R.S. 33:3811, et seq, the commissioners do not have to return the increased per diem amount of $35.00 for the months of June 2008 through February 2009.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Meridith J. Trahant Assistant Attorney General
 JDC/MJT/ard
[1] Atty. Gen. Ops. 91-0589A, 91-0589 and 81-0135.
[2] Id.
[3] Atty. Gen. Op. 91-0589A.
[4] At the present time, the Legislative Auditor's report has not been published and we are unaware of the specific concerns that the auditor may have concerning the per diem amount.